IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICO CORTEZ DUKES, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:21-CV-305-K-BK |
| | § | |
| TAVARA LEE, ET AL., | § | |
|     DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I.    BACKGROUND**

Rico Cortez Dukes, a Dallas resident, filed a *pro se* criminal complaint against Tasheba or Tavara Lee and Gladys M. Smith. Doc. 2 at 1. He asserts that Lee and Smith entered into a "CONSPRICAY TO MURDER," in violation of 18 U.S.C. § 1117 and RICO statutes. Doc. 2 at 1; Doc. 2-1 at 2. From what the Court can glean from his complaint, Dukes requests that Lee and Smith be arrested and indicted for the alleged murder of his cousin, George Calvin Lee, Jr. Doc. 2 at 1-2. He also requests that a warrant for their arrest be issued. Doc. 2-1 at 1 (enclosing with the complaint an *Arrest Warrant* for Lee and Smith for the offense of "conspricay [sic] to murder November 26, 2010 and August 10 2018").

Dukes avers *in toto*:

RICO DUKES IS THE VICTIM WITNESSES AND FEDERAL ATTORNEY THAT THE CRIME WAS DONE UPON GEORGE CALVIN LEE JR IS THE YOUNGER COUSIN OF RICO DUKES AND THE YOUNGER BROTHER OF TAVARA LEE GLADYS M SMITH IS THE MOTHER OF RICO DUKES TWIN DAUGHTERS. GLADYS IS ALSO THE FIRST COUSIN OF ONE OF THE PERSONS WHO HELPED CARRY OUT THE GOVERNMENT MURDER PLOT. ALL EVIDENCE LIES WITH THE PLANTIFF IN REGARDS TO THE ALLEGATIONS ALLEGED. AUDIO CONFESSIONS/GOVERNMENT. DOCUMENTS OF PLANTIFF PUBLISHED AS DECEASED

Doc. 2 at 2 (all caps in original).

Obviously, Dukes is no stranger to the federal courts. A review of the Public Access to Courts Electronic Records (PACER)[1] reflects that he is a serial litigator, having filed over 25 cases since 2017 in the Northern and the Eastern Districts of Texas. At least 18 of those cases have been dismissed with prejudice as frivolous or for failure to state a claim. *Dukes v. Federal Reserve Central Bank*, 3:17- CV-2510 (N.D. Tex. Oct. 30, 2017); *Dukes v. United States Patten Trademack Office*, 3:17-CV-2508-G-BK (N.D. Tex. Nov. 20, 2017); *Dukes v. Dallas Municipal Court*, 3:17-CV-2168 (N.D. Tex. Nov. 20, 2017); *Dukes v. Rothschild*, 3:17-CV-2507-D (N.D. Tex. Nov. 27, 2017); *Dukes v. Whitehouse*, 3:17-CV-2509-D-BH (N.D. Tex. Dec. 27, 2017); *Dukes v. Hatch*, 3:17-CV-2065 (N.D. Tex. May 4, 2020); *Dukes v. Roman Empire*, 3:17-CV-2834 (N.D. Tex. Dec. 27, 2017); *Dukes v. Internal Revenue Service*, 3:17-CV-2306 (N.D. Tex. Oct. 10, 2017); *Dukes v. Duke Mehal Rockefeller*, 3:17-CV-2304 (N.D. Tex. Nov. 3, 2017); *Dukes v. Ramirez*, 3:17-CV-2303 (N.D. Tex. Dec. 22, 2017); *Dukes v. Connecticut*, 3:17-CV-2270 (N.D. Tex. Sep. 27, 2017); *Dukes v. Feil,* 3:17-CV-2171 (N.D. Tex. Nov. 30, 2017); *Dukes v. Caddo Courthouse*, 3:17-CV-2170 (N.D. Tex. Sep. 19, 2017); *Dukes v. Trump,* 3:17-CV-2167

---

[1] PACER is available at https://pacer.login.uscourts.gov.

(N.D. Tex. Dec. 11, 2017); *Dukes v. Denton County Court*, 3:17-CV-2066 (N.D. Tex. Oct. 31, 2017); *Dukes v. United States of America,* 3:17-CV-2063 (N.D. Tex. Sep. 6, 2017); *Dukes v. United States of America*, 3:17-CV-1657 (N.D. Tex. Oct. 10, 2017); *Dukes v. Shanklin*, 4:19-CV-242 (E.D. Tex. Jan. 26, 2020).

Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed *sua sponte*. Further, based on Dukes' abusive filing history, he should be barred from filing further actions in this Court.[2]

## II.     ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

---

[2] Although Dukes did not pay the filing fee or file a motion to proceed *in forma pauperis*, it is more efficient to dismiss the complaint than to require compliance with the Court's filing requirements.

The Court liberally construes Dukes' complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Dukes has not alleged facts that establish federal question jurisdiction.

To the extent Dukes seeks to file a criminal complaint and allege criminal law violations in this Court, his request lacks any legal basis and, thus, cannot support a federal cause of action. Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). Here, Dukes has pled nothing that would even come close to meeting that burden. Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005).[3]

---

[3]Even if liberally construed as alleging a civil claim, Dukes complaint indicates the parties are all citizens of Texas and, as such, Plaintiff cannot rely on diversity of jurisdiction. *See* 28 U.S.C. § 1332; Doc. 2-1 at 2 (reflecting that Lee's and Smith's last known residence was in Dallas and Arlington, Texas, respectively).

Accordingly, the complaint should be dismissed without prejudice for lack of subject matter jurisdiction.

### III.   LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed herein, Dukes' claims are fatally infirm and not amenable to cure through amendment. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV.   IMPOSITION OF SANCTIONS

The Federal courts have the inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority," *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993), and sanctions may be appropriate when, as here, a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); Fed. R. Civ. P. 11(b)(2)&(c)(1) (authorizing sanctions against *pro se* litigants). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993).

Based on Dukes' filing history and his pattern of filing frivolous, vexatious actions, he should be barred from filing future actions *in forma pauperis* in this Court. Dukes should also be warned that persistent, unwarranted filings may result in the loss of electronic filing privileges.

## V. CONCLUSION

For the foregoing reasons, it is recommended that Dukes' criminal complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Further, it is recommended that Dukes be **BARRED** from filing future actions *in forma pauperis* and that he be **WARNED** that persistent, unwarranted filings in this and other cases may result in the loss of electronic filing privileges.

Pending review of this recommendation by the District Judge, the Clerk of the Court is **DIRECTED NOT TO ISSUE** any arrest warrant in connection with this case.

**SO RECOMMENDED** on February 17, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).